IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO J. FLORES,
      Plaintiff,

   v.

ORLAND UNIFIED SCHOOL DISTRICT;
and CHRIS VON KLEIST,

      Defendants.

2:08-cv-02499-GEB-JFM

ORDER*

On November 18, 2008, Defendants Orland Unified School District ("OUSD") and Chris Von Kleist ("Von Kleist"), the district superintendent, filed a motion to dismiss Plaintiff's Complaint, arguing Plaintiff's claims are barred by the Eleventh Amendment. Plaintiff opposes the motion, but requests leave to file an amended Complaint in which Von Kleist is sued in his individual capacity if the dismissal motion is granted.

/ / /

/ / /

---

*This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1    The Ninth Circuit has held that school districts in
2  California are "agent[s] of the state" and thus, "immune to suit under
3  the Eleventh Amendment." <u>Belanger v. Madera Unified Sch. Dist.</u>, 963
4  F.2d 248, 254 (9th Cir. 1992). Further, a California school
5  superintendent is entitled to Eleventh Amendment immunity when sued
6  for damages in his or her official capacity. <u>Eaglesmith v. Ward</u>, 73
7  F.3d 857, 859 (9th. Cir. 1995). <u>See also</u> <u>Hafer v. Melo</u>, 502 U.S. 21,
8  25 (1991) (holding state officials sued in their official capacity are
9  entitled to Eleventh Amendment immunity).

10    Plaintiff argues the school district is not a state agent
11 under the Eleventh Amendment because any money judgment may be
12 satisfied through liability insurance. (Pls. Opp'n at 4:16-25.)
13 However, the Supreme Court has stated that it is not "the presence or
14 absence of a third party's undertaking to indemnify the agency [that]
15 determine[s] whether it is the kind of entity that should be treated
16 as an arm of the State." <u>Regents of the Univ. of Cal. v. Doe</u>, 519
17 U.S. 425, 437 (1997).

18    Plaintiff also argues the Eleventh Amendment does not bar
19 his fourth claim, brought under the Uniform Services Employment and
20 Re-employment Rights Act ("USERRA"), 38 U.S.C. § 4301. (Pls. Opp'n at
21 5:4-17.) The Ninth Circuit, however, has held that Congress, through
22 USERRA, did not unequivocally express the intent to abrogate the
23 states' sovereign immunity. <u>Townsend v. Univ. of Alaska</u>, 543 F.3d
24 478, 484 (9th Cir. 2008). Therefore, federal courts lack subject
25 matter jurisdiction over claims brought against an arm of the state
26 under USERRA. <u>Townsend</u>, 543 F.3d at 484-85.

27    For the reasons stated, Defendants' motion is granted and
28 all claims against OUSD and the official capacity damages claims

against Von Kleist are dismissed.  Plaintiff's request for leave to file an amended Complaint in which individual capacity claims are alleged against Von Kleist is granted, provided it is filed within ten days from the date on which this Order is filed.

Dated:  January 13, 2009

GARLAND E. BURRELL, JR.
United States District Judge